## In re WIRELESS TELEPHONE 911 CALLS LITIGATION

### No. 1521.

Judicial Panel on Multidistrict Litigation.

April 15, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS,

---

* Judges Selya, Motz, and Miller took no part in the decision of this matter. In light of the

D. LOWELL JENSEN, J. FREDERICK MOTZ * and ROBERT L. MILLER, Jr.,* Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the ten actions listed on the attached Schedule A and pending, respectively, in the Central District of California, the Northern District of California, the Southern District of California, the Southern District of Florida, the Northern District of Illinois, the District of New Jersey, the Southern District of New York, the Northern District of Texas, the Western District of Texas, and the Western District of Washington. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by various wireless phone manufacturing defendants[1] for coordinated or consolidated pretrial proceedings of these actions in either the Central District of California or the Northern District of Illinois. Defendant AT·&·T Wireless Services, Inc., joins in this motion. The Illinois plaintiffs support centralization in the Illinois court. All remaining plaintiffs filed a joint response opposing the motion; if the Panel deems centralization appropriate, these plaintiffs suggest either the Southern District of New York or the Northern District of California as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are brought on behalf of overlapping classes of wireless phone purchasers and share questions of fact arising out of allegations that defendants i) have failed to comply with an order issued by the Federal Communications Commission relating to the connection of wireless 911 calls, and ii) have defrauded the consuming public by misrepresenting the safety features and 911 calling capabilities of wireless telephones. Whether based upon violation of the Federal Communications Act or various state statutes or upon common law theories of liability, plaintiffs in all actions request similar monetary damages and/or injunctive relief for the same conduct. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the dispersed location of constituent actions, no district stands out as

fact that the other four members of the Panel could be members of the putative class(es) in this litigation, each of those members has filed with the Clerk of the Panel a formal renunciation of any claim that he or she might have as a putative class member, thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matters now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170

F.Supp.2d 1356, 1357–58 (Jud.Pan. Mult.Lit.2001).

1. Audiovox Communications Corp. and Audiovox Corp.; Kyocera Wireless Corp.; LG Electronics U.S.A., Inc., and LG Electronics Alabama, Inc.; Matsushita Electric Corp. of America; Mitsubishi Electric and Electronics USA, Inc.; Motorola, Inc.; Nokia Inc.; Samsung Telecommunications America, Inc.; Sanyo North America Corp. and Sanyo Fisher Co.; Sony Ericsson Mobile Communications Corp. and Ericsson, Inc.; and Toshiba America, Inc., and Toshiba American Consumer Products, Inc.

the focal point for this nationwide docket. On balance, we conclude that the Northern District of Illinois is an appropriate transferee forum for this litigation. We note that i) one action is pending there, ii) this geographically central location is relatively convenient for the parties, and iii) the Illinois court possesses the necessary resources to be able to devote the time and effort to pretrial matters that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John F. Grady for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1521—In re Wireless Telephone 911 Calls Litigation*

*Central District of California*

*Cynthia Dunn v. Telefonaktiebolaget LM, et al.,* C.A. No. 8:02–1086

*Northern District of California*

*Armando Lage, et al. v. LG Electronics, Inc., et al.,* C.A. No. 3:03–287

*Southern District of California*

*Stephen J. Hubbard v. LG Electronics, Inc., et al.,* C.A. No. 3:03–6

*Southern District of Florida*

*Charles Fasano v. Sanyo Fisher Co., et al.,* C.A. No. 1:02–23630

*Northern District of Illinois*

*Vishal Aggarwal, et al. v. Nokia Corp., et al.,* C.A. No. 1:02–8808

### SCHEDULE A—Continued

*District of New Jersey*

*Alysa Liff v. Motorola, Inc.,* C.A. No. 2:03–121

*Southern District of New York*

*Lisa Bass v. Samsung Telecommunications America, Inc., et al.,* C.A. No. 1:02–9140

*Northern District of Texas*

*Donna Clarke v. Kyocera Corp., et al.,* C.A. No. 3:02–2778

*Western District of Texas*

*Jed Becker v. Toshiba Corp., et al.,* C.A. No. 3:03–6

*Western District of Washington*

*Julie McMurry v. Nokia Corp., et al.,* C.A. No. 2:02–2319